IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH PACZKOWSKI, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 17-1665-RGA |
| | : | |
| TRUMAN MEARS, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

On July 29, 2020, the Court denied Petitioner Joseph Paczkowski's habeas Petition after determining that it was time-barred and, alternatively, procedurally barred. (D.I. 67; D.I. 68) Presently pending before the Court are Petitioner's letter Motions for Reconsideration of that decision (D.I. 69; D.I. 71) with a related request to appoint counsel (D.I. 71), and two letter Motions for a Certificate of Appealability (D.I. 71; D.I. 79).

### I.   STANDARD OF REVIEW

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reargument/reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, Rule 59(e) is "a device [] used to allege legal error,"[1] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v.*

---

[1] *Fiorelli*, 337 F.3d at 288.

*Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited, and it may not be used as an opportunity to relitigate the case. *See Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011); *see also Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A "motion labeled only as a motion for reconsideration" is treated as the "functional equivalent" of a motion filed pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend a judgment,[2] especially when the motion is filed within the time set forth in Rule 59(e). *See, e.g., Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e)."). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[3] but may be granted only in

---

[2]*Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985).
[3]*See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

2

extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles*, 735 F. Supp. at 1240.

When a district court is presented with a timely filed Rule 60(b) motion for reconsideration more than 28 days after it has denied the petitioner's federal habeas petition,[4] the court must determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Pursuant to AEDPA, a petitioner cannot file a second or successive habeas petition without first obtaining approval from the court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent petition. *See* 28 U.S.C. § 2244(b)(3(A); *Robinson v. Johnson,* 313 F.3d 128, 139-40 (3d Cir. 2002). A district court presented with an unauthorized second or successive habeas petition must either "dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson*, 313 F.3d at 139.

---

[4] A Rule 60(b) motion must be filed "within a reasonable time – and for [provisions] (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007).

## II. LETTER MOTIONS FOR RECONSIDERATION[5]

Petitioner does not identify the authority under which he filed the instant letter Motions for Reconsideration. However, since he filed the Motions within twenty-eight days after the entry of the Court's judgment,[6] the Court will treat the Motions as though filed pursuant to Rule 59(e). *See, e.g.*, *Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009).

In his Rule 59(e) Motions for Reconsideration, Petitioner contends that the Court erred in dismissing his Petition as time-barred because the limitations period did not begin to run until September 3, 2015, the date on which the amendment to 11 Del Code § 777A became effective. (D.I. 69 at 4) Then, using September 3, 2015 as the relevant starting date, Petition appears to argue that the Petition should have been deemed timely by applying the doctrine of equitable tolling because: (1) the Superior Court denied his request for the appointment of counsel for his first Rule 61 appeal (D.I. 69 at 1; D.I. 71-1 at 2, 4, 6); and (2) he sent his notice appeal for one of Rule 61 proceedings to the wrong address (D.I. 69 at 1-2; D.I. 71 at 1). These arguments are unavailing. As the Court explained in its Memorandum Opinion, § 777A does not provide a later starting date for the limitations period under § 2244(d)(1)(D). (*See* D.I. 67 at 5-8) In turn, since the date on which Petitioner's conviction became final – May 4, 2012 – constitutes the starting

---

[5]Although Petitioner filed his first letter Motion for Reconsideration prior to filing his notice of appeal, he filed his second letter Motion for Reconsideration after filing his notice of appeal. Nevertheless, the Court has jurisdiction to consider both letter Motions for Reconsideration because the Third Circuit stayed Petitioner's appeal pending their disposition. *See Paczkowski v. State*, C.A. No. 20-2835, Order (3d Cir. Sept. 15, 2020).

[6]The Court denied Petitioner's Petition on July 29, 2020. (D.I 67; D.I. 68) Petitioner's first letter Motion for Reconsideration is dated August 9, 2020 and postmarked August 11, 2020, and his second letter Motion for Reconsideration is dated August 18, 2020 and postmarked August 25, 2020. All of these dates fall within the twenty-eight day filing period provided for in Rule 59(e).

date for the limitations period, Petitioner's instant arguments for equitable tolling are irrelevant because the limitations period expired in May 2013, long before Petitioner requested counsel in his Rule 61 proceeding and/or allegedly mailed his Rule 61 notice of appeal to the wrong address.

To the extent Petitioner raises the Superior Court's refusal to appoint counsel for his Rule 61 proceeding as an attempt to provide cause for the procedural default of his habeas claims concerning § 777A (D.I. 71-1 at 5), Petitioner's argument does not warrant reconsideration of the Court's conclusion that his Petition is procedurally barred for two reasons. First, the Court's determination that all of Petitioner's claims were procedurally defaulted constitutes an alternate holding and, as just explained, Petitioner's request for post-conviction appellate counsel had no bearing on the Petition's timeliness. Second, the Superior Court's refusal to appoint counsel for Petitioner's post-conviction appeal does not trigger the very limited *Martinez* exception to the application of the procedural default doctrine for the same reason the Court provided in its Opinion. (*See* D.I. 67 at 17)

Finally, to the extent Petitioner merely re-asserts the same arguments presented in his Petition, Petitioner has not presented any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration. For all these reasons, the Court concludes that Petitioner's two Rule 59(e) Motions for Reconsideration fail to warrant reconsideration of the Court's prior denial of Petitioner's Petition.

### III.     REQUEST TO APPOINT COUNSEL

In his second Rule 59(e) Motion for Reconsideration, Petitioner asks the Court to appoint counsel.  Given the Court's conclusion that Petitioner's Rule 59(e) Motions for Reconsideration do not warrant re-opening his habeas case, the Court will dismiss as moot Petitioner's related request to appoint counsel.  (D.I. 71 at 1)

### IV.     LETTER MOTIONS FOR CERTIFICATE OF APPEALABILTY

In his first Motion for a Certificate of Appealability, dated September 21, 2020 and postmarked September 23, 2020, Petitioner contends the Court should issue a certificate of appealability because he believes the Court erred in determining his Petition is time-barred.  (D.I. 75 at 1)  In his second Motion for a Certificate of Appealability, dated and postmarked June 1, 2020 and consisting of 134 pages, Petitioner challenges the Court's procedural reasons for denying his Petition while re-asserting the substantive arguments presented in his habeas Petition.  (D.I. 79)

To the extent the Court should treat the instant requests as free-standing Motions for a Certificate of Appealability, the Court will deny the two Motions for the same reasons set forth in the Memorandum Opinion and Order denying the Petition.  (*See* D.I. 67 at 18; D.I. 68)

However, since the two Motions also challenge Petitioner's conviction and were filed after the twenty-eight day filing period set forth in Federal Rule of Civil Procedure 59(e), the Court will exercise prudence and alternatively construe the two Motions for a Certificate of Appealability as Motions for Reconsideration filed pursuant to Federal Rule of Civil Procedure

6

60(b).[7]  Nevertheless, the Court concludes that the two Motions for a Certificate of Appealability/Rule 60(b) Motions constitute second or successive habeas requests, because the arguments asserted therein attack Petitioner's underlying conviction and not the manner in which the Court's denial of his § 2254 Petition was procured.[8]

There is no indication that Petitioner obtained authorization from the Court of Appeals to file a second or successive habeas request.  Therefore, the Court will alternatively dismiss the instant Motions for Certificate of Appealability/Rule 60(b) Motions for lack of jurisdiction.[9]  *See* Rule 9, 28 U.S.C. foll. § 2254; 28 U.S.C. § 2244(b)(1).

## IV.   CONCLUSION

Based on the foregoing, the Court concludes that none of Petitioner's pending Motions warrant relief.  Therefore, the Court will deny Petitioner's Rule 59(e) Motions for Reconsideration (D.I. 69; D.I. 71), dismiss his request to appoint counsel (D.I. 71), and deny his Motions for a Certificate of Appealability/Rule 60(b) Motions for Reconsideration (D.I. 75; D.I.

---

[7] The Court has jurisdiction to deny the instant Rule 60(b)(6) Motions even though they were filed after Petitioner filed his notice of appeal in the Third Circuit and after the Third Circuit stayed his appeal pending the disposition of motions filed prior to the issuance of the stay.  *See* Fed. R. Civ. P. 62.1(a)(2) & Advisory Committee Notes on 2009 Adoption; *Venen*, 758 F.2d at 123 ("While an appeal is pending, a district court ... has the power both to entertain and to deny a Rule 60(b) motion.").

[8] *See Gonzalez*, 545 U.S. at 530–32 (a postjudgment motion is treated as a second or successive § 2254 petition if it advances a claim for habeas relief).

[9] The Court concludes that it would not be in the interest of justice to transfer the instant second or successive habeas requests to the Court of Appeals for the Third Circuit, because nothing in those requests comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).

79).  Additionally, the Court will not issue a certificate of appealability with respect to this decision, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).  A separate Order will be entered.

DATED:  June 9, 2021

/s Richard G. Andrews
UNITED STATES DISTRICT JUDGE